**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CHRIS ROSADO,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No. 8:14-cv-2475-T-36TBM**

**CIRCLE K STORES, INC.,**

      **Defendant,**
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court for a Report and Recommendation on the **Joint Motion to Approve the Parties' Settlement** (Doc. 28).  By this Motion, the parties seek the Court's approval of a negotiated settlement of all disputed issues with respect to Plaintiff's claim under the Fair Labor Standards Act ("FLSA"), including attorneys' fees and costs and dismissal of the claim with prejudice.  A fairness hearing was conducted on October 16, 2015.  Counsel, as well as the Mr. Rosado, spoke to the Motion.  For the reasons below, it is **RECOMMENDED** that the Motion (Doc. 28) be **GRANTED**.

A.

Plaintiff was employed by Defendant as a Store Manager from June 27, 2013, to August 14, 2014.  (Doc. 1 at ¶ 19; Doc. 16-1 at ¶ 1).  His work schedule was Monday-Friday from 6:00 a.m. - 4:00 p.m.  (Doc. 16-1 at ¶ 3).  He alleges that he worked more than forty hours a week at various times and should have been paid one and one-half times his regular rates for those hours as required by the FLSA, but was not.  (Doc. 1 at ¶¶ 20-24).  Plaintiff

filed a two-count complaint against Defendant on October 1, 2014.  In Count I, Plaintiff alleged that Defendant engaged in unlawful practices under the FLSA and he is entitled to compensation for unpaid overtime wages, liquidated damages, and fees and costs.[1]  (Doc. 1).  Defendant denied any wrongdoing and asserted certain affirmative defenses.  (Doc. 8).

By their Motion, counsel have engaged in good faith settlement discussions and have arrived at a fair compromise.  Counsel have conducted factual investigations, exchanged multiple relevant documents including overtime calculations, and participated in lengthy settlement negotiations.  After discovery and negotiations and in light of the inherent costs and risks of engaging in lengthy litigation, the parties, in effect, agreed not to agree on certain of their disputes and contentions, and instead to enter into a compromise settlement to resolve Plaintiff's FLSA claim.  The terms of the agreement are set forth in the parties' Settlement Agreement as to FLSA Claim[].  (Doc. 28-1).  Consistent with the applicable standard, the parties have presented the Settlement Agreement for the Court's consideration of its fairness.  *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306-07 (11th Cir. 2013); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982).[2]

---

[1]In Count II, Plaintiff alleged a claim for retaliation in violation of Florida's Private Whistleblower Act.  He claimed that Defendant violated the Act by demoting him to Assistant Store Manager after he informed his manager of an illegal skimming device installed at one of Defendant's gas pumps and opposed Defendant's instruction not to report the same to the police and customers.  (Doc. 1 at ¶¶ 26-33).  At the hearing, counsel advised that they also negotiated a settlement of this claim, which included separate consideration and a release.

[2]In *Lynn's Food Stores,* the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  679 F.2d at 1353.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA

B.

As summarized in the Motion and noted at the hearing, the parties disagree whether Plaintiff was properly classified as exempt under the FLSA and whether he worked the alleged overtime hours. After full investigation, they agree, however, that Plaintiff's likelihood of success was questionable and the range of his possible recovery was relatively small. Even if Plaintiff was correct regarding his classification, Defendant urged that he would be entitled to only a half-time overtime rate since he was paid a fixed salary for all hours worked. Moreover, investigation revealed that Plaintiff was due overtime wages, if at all, for a lesser number of hours worked than as originally claimed. Counsel affirm that the Settlement Agreement reflects a fair and reasonable resolution of Plaintiff's FLSA claim. Plaintiff receives payment for all his unpaid overtime and a like-sum as liquidated damages. The Settlement Agreement also awards Plaintiff fees and costs. In exchange, Plaintiff agrees that the Settlement Agreement shall constitute full satisfaction of his claim[] against Defendant. He agrees to execute a full release of Defendant and to the Court's approval of the Settlement Agreement and the dismissal with prejudice of the suit.

In sum, counsel and the parties represent that the Settlement Agreement reflects a compromise from Plaintiff's claim that Defendant violated the overtime wage provisions of the FLSA. In light of all of the circumstances, the net result is that Plaintiff will receive a smaller award than he originally sought but nonetheless one covering his FLSA claim at

---

coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

3

Count I and counsel and one the parties agree is the reasonable and fair resolution of their bona fide disputes under the FLSA.  Further, counsel and the parties advised at hearing that they waive objections to the Report and Recommendation and request an expedited ruling.

C.

Upon my consideration, I find the Settlement Agreement a fair and reasonable compromise of the disputed claim and recommend that it be approved by the Court.  Counsel on both sides are experienced labor law attorneys with considerable experience in FLSA matters.  They demonstrate a thoughtful and good faith effort to resolve the disputed claim and arms-length negotiations in reaching this settlement.  By counsels' assessment, after discovery and investigation, the Settlement Agreement reveals a fair compromise on the disputed issues while allowing full compensation at the half-time rate and full recognition by all concerned of the inherent risks of proceeding to trial on those issues as well as recognition of the great expense which would be incurred with protracted litigation.  I agree with that assessment.  Before agreeing on the settlement, Plaintiff had the benefit of discovery and competent legal advice from counsel on the benefits and consequences of a settlement. Plaintiff and Defendant have expressed approval of the compromised Settlement Agreement. In exchange for his award, Plaintiff understands that his acceptance of the settlement will reflect the full satisfaction of his FLSA claim against Defendant and require that he release Defendant from any and all claims and, upon approval of the Court, to the dismissal with prejudice of this suit.  Counsel demonstrate that the matter of legal fees and costs were negotiated separate from the resolution of the Plaintiff's claims such that the agreement to pay fees and costs had no effect on the underlying settlement with Plaintiff.

In sum, I conclude that the settlement grants Plaintiff full compensation for overtime work at the half-time rate, plus liquidated damages. The settlement regarding fees and costs to Plaintiffs' counsel, which appears reasonable in light of the work performed, was negotiated separately, and there is no evidence that such negotiations had any impact on the underlying settlement. By all that is before the undersigned, the compromise is fair and reasonable under the circumstances.

D.

Accordingly, it is **RECOMMENDED** that the **Joint Motion to Approve the Parties' Settlement** (Doc. 28) be **GRANTED**. Given the parties' waiver of objections and request for an expedited ruling, it is **RECOMMENDED** further that the Court direct the prompt disbursement of the settlement awards and attorneys fees and costs, and then dismiss the case with prejudice.

> Respectfully submitted this
> 19th day of October 2015.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Charlene Edwards Honeywell, United States District Judge
Counsel of Record